IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TEQUILLA MARIE DAWSON,

                Plaintiff,

v.

RES-CARE, INC., GARY RUZIANIS,
STEVEN REINHOLD, AMANDA KLEET,
KATIE DZIEDZIC, and STACEY ELLIS,

                Defendants.

ORDER

17-cv-785-jdp

---

Tequilla M. Dawson, appearing pro se, was an employee at Res-Care Inc. She alleges that she suffered sexual harassment, was not paid for overtime worked, and was ultimately fired after she complained about the harassment and Res-Care's failure to fully pay her.

Defendant Res-Care has filed a motion to transfer the case to the United States District Court for the Eastern District of Wisconsin.[1] Dkt. 9. Under 28 U.S.C § 1404(a), a court may transfer a case to another district where the action might have been brought if transfer serves the convenience of the parties and witnesses and will promote the interest of justice. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986). "The statute permits a 'flexible and individualized analysis.'" *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1998)). The defendant bears the burden of establishing that the proposed new venue is clearly more convenient. *Coffey*, 796 F.2d at 219. The convenience inquiry generally focuses on "the

---

[1] Along with its motion to transfer, Res-Care filed a motion for an extension of time to file its answer, Dkt. 10, but it followed with an answer within the deadline set by the court. So I will deny Res-Care's motion for extension of time as moot.

availability of access to witnesses, and each party's access to and distance from resources in each forum." *Research Automation, Inc.*, 626 F.3d at 978.

Here, Res-Care contends that transfer to the Eastern District, where Res-Care is located, is clearly more convenient because the events at issue allegedly occurred there, most potential witnesses reside there, and most or all of the defendants reside there. In my order screening the complaint, I noted that nothing in Dawson's allegations showed that venue was proper in the Western District. Dkt. 5, at 2 n. 1. In its brief-in-chief, Res-Care stopped short of saying that venue is *improper* in the Western District, but it does make that argument in its reply brief.

Taking the question of proper venue first, Dawson alleges that she was discriminated against while she worked at Res-Care, and Res-Care is located in Kenosha, Wisconsin, so it seems likely—but not certain— that all of the individual defendants live in the Eastern District and that the events in question occurred in the Eastern District. *See* 28 U.S.C. § 1391(b) ("Venue in general"). But Res-Care does not adequately support its motion. Res-Care fails to provide the actual residence of each of its co-defendants. Instead, Res-Care states that Dawson lists the residence of the individual defendants as 8600 Sheridan Rd. in Kenosha, which a quick internet search shows is Res-Care's address. This obvious pleading mistake by Dawson is not itself a reason to transfer without giving Dawson a chance to rectify the mistake.

Res-Care also fails to support its convenience argument. "As for convenience of parties and witnesses, it is clear that a movant '[is] obligated to clearly specify the key witnesses to be called' and to submit something 'in the way of affidavits, depositions, stipulations, or any other type of document containing facts tending to establish who (specifically) it planned to call or the materiality of that testimony.'" *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d

2

1286, 1293–94 (7th Cir. 1989). Res-Care fails to identify potential witnesses, where in the Eastern District they reside, and what material testimony they would provide.

Because Res-Care has not yet carried its burden to show either that venue is improper or that the Eastern District would be more convenient, I will have it provide a supplement in which it addresses the concerns discussed above. I will also give each of the individual defendants an opportunity to respond to Res-Care's filing, although they are not required to do so.

In her opposition, Dawson says that "the discrimination didn't just occur in Kenosha County, WI but in other counties as [well] which are [] in the Western District." Dkt. 18. She also suggests that potential witnesses live in the Western District. But, similar to Res-Care, she does not provide any details about the events or proposed witnesses. Nor does she state under penalty of perjury that her assertions are true. Dawson has filed a motion for leave to file a surreply, Dkt. 19, which I will grant; Dawson has the right to respond to Res-Care's new argument about improper venue.

Dawson may file her surreply after Res-Care and the individual defendants have weighed in. Dawson should submit additional specific facts relevant to these analyses, including: the address of her current residence, specific events that gave rise to this action that occurred in the Western District and where exactly those events occurred, the names and locations of potential witnesses who reside in the Western District, the location of any other evidence located in the Western District, and anything else that she believes makes the Western District a more convenient forum for this litigation than the Eastern District. She should include a statement that the facts she provides are true under penalty of perjury.

3

Dawson has also filed a motion for an extension of time to amend her complaint. Dkt. 20. I take her motion to be a response to my screening order, in which I stated that she would have to amended her complaint to better explain some of her proposed claims. *See* Dkt. 5. I will grant that motion; Dawson will have the same deadline for her amended complaint as I am setting for her surreply on the motion to transfer.

ORDER

IT IS ORDERED that:

1. Defendant Res-Care's motion for an extension of time to file its answer, Dkt. 10, is DENIED as moot.

2. Res-Care may have until February 11, 2019, to supplement its motion to transfer.

3. Each of the individual defendants may have until February 19, 2019, to submit materials supporting or opposing Res-Care's motion to transfer.

4. Plaintiff Tequilla M. Dawson's motion for leave to file a surreply to Res-Care's motion to transfer, Dkt. 19, is GRANTED. Plaintiff may have until March 4, 2019, to file her surreply.

5. Plaintiff's motion for an extension of time to amend her complaint, Dkt. 20, is GRANTED. Plaintiff may have until March 4, 2019 to file her amended complaint.

Entered January 30, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge