# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

---

TEQUILLA MARIE DAWSON,

                Plaintiff,

  v.

RES-CARE, INC., GARY RUZIANIS,
STEVEN REINHOLD, AMANDA KLEET,
KATIE DZIEDZIC, and STACEY ELLIS,

                Defendants.

ORDER

17-cv-785-jdp

---

      Tequilla M. Dawson, appearing pro se, was an employee at Res-Care Inc. She alleges that she suffered sexual harassment, was not paid for overtime worked, and was ultimately fired after she complained about the harassment and Res-Care's failure to fully pay her.

      Defendant Res-Care filed a motion to transfer the case to the United States District Court for the Eastern District of Wisconsin. Dkt. 9. In my order screening the complaint, I noted that nothing in Dawson's allegations showed that venue was proper in the Western District. Dkt. 5, at 2 n.1. In its motion, Res-Care focused on the relative convenience of the Eastern and Western districts. I concluded that Res-Care did not properly support its contentions either that venue is improper or that the Eastern District would be more convenient. Dkt. 32, at 2–3. Because it was not yet clear whether venue was proper or more convenient here, I gave the parties a final chance to submit evidence supporting their positions. *Id.* at 3.

      After considering the parties' supplemental materials, I am still not convinced that venue is improper in this district. Res-Care does establish that none of the individual defendants reside in the Western District; four of them live in or around Milwaukee or Racine,

and the fifth lives in Illinois. But it is unclear whether Res-Care could be considered to reside in the Western District. It is undisputed that Res-Care's offices are all located in the Eastern District, but Res-Care fails to develop an argument about its own residence. In a state with multiple judicial districts, a corporation "resides" in a district when its contacts in that district would suffice to establish personal jurisdiction if that district were a separate state. 28 U.S.C. § 1391(d); *KM Ents., Inc. v. Global Traffic Techs., Inc.*, 725 F.3d 718, 724 (7th Cir. 2013). Even after I gave Res-Care a chance to present supplemental materials, it did not address its residence under § 1391(d).

Nonetheless, I conclude that the case should be transferred under 28 U.S.C. § 1404(a). Under that provision, a court may transfer a case to another district where the action may have been brought if transfer serves the convenience of the parties and witnesses and will promote the interest of justice. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986).

The convenience inquiry generally focuses on "the availability of and access to witnesses, and each party's access to and distance from resources in each forum." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). Here, Res-Care contends that transfer to the Eastern District is more convenient because the events at issue occurred there, most potential witnesses reside there, and most of the defendants reside there. Res-Care now provides evidence supporting those contentions. As stated above, four of the five individual defendants live relatively close to the Milwaukee courthouse; the fifth lives in Antioch, Illinois, closer to Milwaukee than Madison. Res-Care also says that the events at issue here concerning Dawson's employment would have taken place at one of Res-Care's offices, all of which are in the Eastern District, and the personnel-related documents likely to be used in the case are located in its Milwaukee office.

In her complaint, Dawson says that she lives in Milwaukee, which lends more support to defendants' position. In my previous order, I noted that Dawson stated that "the discrimination didn't just occur in Kenosha County, WI but in other counties as [well] which are [] in the Western District." Dkt. 18. She also suggests that potential witnesses live in the Western District. But after I asked the parties to supplement their briefing, Dawson provides almost no new information supporting her desire to keep the case in this district. Dawson now conclusorily states that "occurrence[s were] also in Jefferson County," a county in the Western District. Dkt. 34, at 1. And she states that "witnesses reside in Dane and Rock County." *Id.* But she does not explain in any detail the events that took place in the Western District or the names of the potential witnesses and what they would testify about. I conclude that the parties' submissions about convenience weigh heavily in favor of transfer because they generally show that the case involves parties located in the Eastern District regarding events that occurred there.

The second part of the analysis is the interest-of-justice inquiry, which "relates to the efficient administration of the court system" and focuses on "factors including docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy." *Research Automation*, 626 F.3d at 978. This part of the analysis does not weigh for or against transfer. I have no doubt that both courts are familiar with the relevant employment-discrimination law. The parties do not discuss the remaining factors. Because I conclude that the Eastern District is a clearly more convenient forum, I will grant Res-Care's motion to transfer under § 1404(a).

I note that Dawson has filed a motion for appointment of counsel, stating that the "Sixth Amendment gives the right to counsel in federal prosecutions." Dkt. 35. But the right to counsel under the Sixth Amendment applies to criminal cases. In civil cases like this one, federal courts can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc). I will deny Dawson's motion because she should not have needed the assistance of counsel to respond to the motion to transfer by explaining what connection her case has to the Western District. As the case proceeds in the Eastern District, Dawson can file a new motion for the court's assistance in recruiting her counsel, but she will need to explain why she believes that the case is too difficult for her to litigate on her own.

ORDER

IT IS ORDERED that:

1. Defendant Res-Care's motion for change of venue, Dkt. 9, is GRANTED. This case is transferred to the United States District Court for the Eastern District of Wisconsin under 28 U.S.C. § 1404(a).

2. Plaintiff Tequilla M. Dawson's motion for the court's assistance in recruiting her counsel, Dkt. 35, is DENIED without prejudice to her renewing it at a later date.

Entered March 13, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge