UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TEQUILLA MARIE DAWSON,

        Plaintiff,

  v.

        Case No. 19-cv-378-pp

RES-CARE, INC., GARY RUDZIANIS,
STEVEN REINHOLD, AMANADA KLEET,
KATIE DZIEDZIC, and STACEY ELLIS,

        Defendants.

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S THIRD MOTION TO APPOINT COUNSEL (DKT. NO. 45) AND SETTING HEARING ON ALL DISCOVERY-RELATED MOTIONS

On October 16, 2017, the plaintiff filed a complaint in the Western District of Wisconsin against Res-Care, Inc. and her supervisors and coworkers, alleging harassment and a failure to pay her for leave and overtime. Dkt. No. 1. Magistrate Judge Peter A. Oppeneer granted the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 3, and denied without prejudice her motion for assistance in recruiting counsel, dkt. no. 4. Chief District Judge James D. Peterson screened the complaint, allowing the plaintiff to proceed on Title VII, Equal Pay Act and Fair Labor Standards Act claims against Katie Dziedzic, Stacey Ellis, Amanda Kleet, Steven Reinhold, Res-Care Inc. and Gary Rudzianis. Dkt. No. 5. Judge Peterson also granted defendant Res-Care's motion to transfer venue to this district (Dkt. No. 9) and

1

denied the plaintiff's motion for appointment of counsel (Dkt. No. 35). Dkt. No. 36.

The plaintiff since has filed a third motion to appoint counsel, dkt. no. 45, a motion to compel, dkt. no. 60, a motion for protective order, dkt. no. 62, and a motion to terminate and/or limit her examination, dkt. no. 63. The defendants also have filed a motion to compel. Dkt. No. 55. The plaintiff also has filed several letters to the court. Unfortunately, the court did not address the issues that have been brewing this case in a timely manner, and consequently, the case has veered off course. This order addresses the plaintiff's third motion to appoint counsel. The court will schedule a hearing to talk with the parties about their motions to compel and the plaintiff's motions for a protective order and to limit examination.

In her third motion for appointment of counsel, the plaintiff says that she can't litigate herself because of the complexity of the case and the legal issues. Dkt. No. 45 at 1. She says that she has no training or experience in cross-examining witnesses, presenting complicated evidence, objecting to tactics of opposing counsel at trial. Id. at 1-2. She indicates that she has several difficulties in conducting discovery, and explains that while she was able to file a coherent complaint and write requests to appoint counsel, she has not been able to obtain an expert witness or obtain "specific pieces of important documentary evidence." Id. at 2. She says that not having a lawyer will prevent her from having a fair trial. Id. She also indicates that she is not able to "move freely and get relevant evidence." Id.

The plaintiff identifies in the motion six lawyers whom she contacted but who declined to represent her. Id. at 4-6. She also says that she contacted the "legal aid of society, legal action, Justia Wisconsin and Marquette Volunteer Legal Clinics." Id. at 6. She explains that she is seeking justice for "wrongful termination, discrimination, harassment, retaliation and all other claims presented in the complaint." Id. at 4. According to the plaintiff, she cannot:

> [b]rief complicated legal issues, draw up legal documents, or manage or advise witnesses on legal transactions, identify implications for cases from legal precedents or other legal information, research relevant legal materials to aid decision making, claim liability, knowledge of legal rights and obligations, evaluate findings and develop strategies and arguments in preparation for presentation of cases, the inability to effectively gather evidence to formulate defenses or to initiate legal actions, by such means as interviewing clients and witnesses to ascertain the facts of a case, and represent self in court or before government agencies.

Id. at 1.

As Judge Oppeneer explained when denying the first motion, the court does not have the authority to appoint counsel to represent a *pro se* litigant in a civil matter. Dkt. No. 5. The court can ask lawyers to volunteer to help someone free of charge, but only when the record indicates that the legal and factual complexity of the case exceeds the plaintiff's ability to prosecute it. Id. at 8. In May 2018, Judge Oppeneer decided that it was "too early to tell whether the complexity of the [plaintiff's] claims outstrips her litigation abilities." Id. In the March 13, 2019 second order denying the plaintiff's motion for appointment of counsel, Chief Judge Peterson emphasized that a civil litigants do not have a Sixth Amendment right to counsel. Dkt. No. 36 at 4.

3

The court is satisfied that the plaintiff has tried, unsuccessfully, to find a lawyer on her own. But the court will not appoint counsel for her at this point. The plaintiff's third motion alleges that the case is too complex for her to handle on her own, but since the case was transferred to this district, she has participated in the preparation of a joint Rule 26(f) plan. Dkt. No. 42. She has filed five motions, several of which reference rules and cases. Dkt. Nos. 45, 55, 60, 62, 63. She has filed with the court supplements to her discovery responses and objections to the defendants' discovery demands.[1] Dkt. Nos. 47-49. She has filed letters regarding the discovery issues. Dkt. Nos. 46, 51.

The plaintiff says that she doesn't know how to cross-examine witnesses or respond to trial tactics. But this case has not been scheduled for trial, and it will be a while before the court schedules a trial date. First the parties must complete discovery. Then they may file dispositive motions (if they choose to do so), and the court must rule on those. Only after the court rules on any dispositive motion (or the deadline passes and no one files such motions) will the court consider a trial date. Right now, the plaintiff does not need to know how to cross-examine witnesses or conduct a trial. The court is going to stay the current deadline for completing discovery and the deadline for filing dispositive motions and will re-set those deadlines at the hearing it is

---

[1] Discovery takes place between the parties. The court does not receive discovery and does not become involved in the discovery process unless the parties have a dispute that they cannot resolve among themselves. The plaintiff must not file her discovery requests or responses with the court; she must serve them on the defendants through their lawyer.

4

scheduling below. The court will deny without prejudice the plaintiff's third motion to appoint counsel.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for appointment of counsel. Dkt. No. 45.

The court **ORDERS** the parties to appear for a hearing to address all pending discovery motions. The court will set the hearing for January 13, 2021 at 1:30 PM, via Zoom teleconference, and the docket will include the link and other information necessary to connect for the hearing.

The court **STAYS** the current discovery and dispositive motions deadlines and will re-set them at the January 13, 2021 hearing.

Dated in Milwaukee, Wisconsin this 14th day of October, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**