UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TEQUILLA MARIE DAWSON,

           Plaintiff,

v.                                                      Case No. 19-CV-378

RES-CARE INC, et al.,

           Defendants.

## ORDER

Chief Judge Pamela Pepper has referred to this court (ECF No. 77) the parties' pending discovery motions.

Plaintiff Tequilla Dawson is representing herself. She worked as an "FSET case manager at defendant Res-Care Inc. (ECF No. 5 at 2.) She alleges that her supervisor, defendant Stacey Ellis, made unwanted sexual advances and suggestive jokes or comments. (*Id*.) She also alleges that she was repeatedly harassed by another employee named Mary Dawson. (*Id*.) Dawson alleges that she did not receive her full pay, such as paid time off, bonuses, vacation time, and overtime. (*Id*.) She alleges she was fired in August 2015 after she complained about the harassment she suffered and Res-Care's failure to pay her what she was owed. (*Id*.)

She has been allowed to proceed with the following claims:

Title VII hostile-work-environment and retaliation claims against defendant Res-Care Inc.

An Equal Pay Act claim against defendant Res-Care.

FLSA claims against defendants Res-Care, Katie Dziedzic, Steven Reinhold, Amanda Kleet, Stacey Ellis, and Gary Rudzianis.

(ECF No. 5 at 9.) She alleges, in part, that she "received medical treatment due to the emotional, physical, and mental stressors. The lost [sic] of property due to withholding wages." (ECF No. 1-1 at 6.) She seeks "backpay, front pay permanent injunctions and other affirmative relief, attorney's fees / legal fees, court costs, other compensatory damages, punitive damages, reasonable fees, liquidated damages, expert testimony, restitution, and interest." (ECF No. 1 at 7.)

The defendants have requested discovery in the form of interrogatories and requests for the production of documents related to Dawson's claims. They argue that Dawson's responses, to the extent she has provided any, are incomplete and evasive with respect to six interrogatories and three requests for production of documents. She has refused to answer questions or provide documents related to the medical treatment she allegedly received as a result of the defendants' alleged actions or to sign releases so the defendants can obtain requested information.

After attempting to resolve these issues with Dawson in accordance with Civil Local Rule 37 (E.D. Wis.), the defendants filed a motion to compel. (ECF No. 55.)

Dawson then filed three motions captioned "PLAINTIFF Motion to Compel" (ECF No. 60), "PLAINTIFF Motion for Protective Order" (ECF No. 62), and "PLAINTIFF Motion to Terminate and or Limit Examination" (ECF No. 63). She submitted a single brief in support of all three motions. (ECF No. 61.)

The nature of Dawson's motions is unclear. In the first she asks the court to require "the Defendant to produce discovery request for production of documents and grant the Defendant first set of discovery request as 'admitted'." (ECF No. 60.) In her second, she requests simply "a protective order." (ECF No. 62.) She closes each of the first two motions with: "Wherefore, Plaintiff request that this Court grant their Motion to Compel and limited the scope of deposition." (ECF Nos. 60, 62.) In her third motion she asks the court

> to [sic] an Order terminating and or limit examination and enter the Defendant first set of discovery request as "admitted". … Wherefore, Plaintiff request [sic] that this Court grant their [sic] Motion to Terminate and or Limit examination and Order the Defendant [sic] first set of discovery responses as "admitted".

(ECF No. 63.)

The brief that Dawson submitted in support of these three motions (ECF No. 61) does little to clarify the basis for or the nature of the relief she seeks. She complains about the defendants providing discovery to her, but the arguments are undeveloped and lack specificity. Dawson has not shown that the defendants have failed to comply

3

with any discovery obligation, and therefore Dawson's motion to compel (ECF No. 60) will be denied.

She also appears to use her brief to respond to the defendants' motion to compel. Again, her arguments are vague. She seeks a protective order but does not articulate the proposed scope or otherwise comply with Civil Local Rule 26(e)(1) (E.D. Wis.). Protective orders have broad application in litigation. They may be used to limit who has access to certain discovery and what will happen to discovery when a case is over. *See, e.g.*, Appendix, Local Rules (E.D. Wis.). They may also be used to articulate the bounds of permissible discovery. It appears that Dawson may be seeking a protective order of the latter variety in that she asks the court to limit the scope of her deposition. But it does not appear that any deposition has been held (or even scheduled), and again she does not articulate in what way she wishes it to be limited.

The burden "rests upon the objecting party to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 235 F.R.D. 447, 449–50 (N.D. Ill. 2006). The objecting party must show—with specificity—that the request is improper. *Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 254 (S.D. Ind. 2002). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Burkybile v. Mitsubishi Motors, Corp.*, 2006 WL 2325506, \*6 (N.D. Ill. 2006).

4

Case 2:19-cv-00378-PP    Filed 01/14/21    Page 4 of 9    Document 78

Dawson's response reflects the intuitive objections common to persons unfamiliar with litigation—the requests are overbroad and the information sought is private. But when a plaintiff files a lawsuit, she opens to scrutiny much of what society traditionally regards as private information. For example, when a plaintiff alleges that she required medical treatment because of the defendants' actions (as Dawson does), the defendants are generally entitled to review her medical records to determine, for example, the nature of such treatment, the severity of the alleged injury, and whether a causal relationship exists between the treatment and the defendants' alleged actions. When a person alleges injuries in the form of back pay, the defendants can inquire about what efforts the plaintiff undertook to mitigate her damages, which will include broad information about her pursuit of other employment. *See Brown v. Smith*, 827 F.3d 609, 616 (7th Cir. 2016) (discussing a plaintiff's duty to mitigate damages by pursuing new employment).

While courts regularly condemn discovery requests that are merely a proverbial fishing expedition, *Helping Hand Caregivers, Ltd. v. Darden Rests., Inc.*, 900 F.3d 884, 890 (7th Cir. 2018), appropriate discovery will commonly be much broader than what is ultimately admissible in court, Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable."). Thus, the Federal Rules of Evidence have only limited application in restricting discovery. Certain evidentiary objections may be made to preserve them for trial, *see, e.g.,* Fed. R. Civ. P.

26(a)(3)(B), but making an objection generally does not relieve a party of the obligation to provide discoverable information. Nor is a "request to Meet and Confer," which was Dawson's response to many of the defendants' requests, an appropriate response.

The court has reviewed the defendants' discovery requests and finds them quite routine and ordinary given the nature and scope of Dawson's claims. The court has reviewed Dawson's answers and finds them insufficient.

Given that Dawson's noncompliance appears to be founded on a general misunderstanding as to her obligations and the permissible scope of discovery, the court will not discuss the deficiencies of each of Dawson's responses. Rather, the court will attempt to correct Dawson's misunderstanding by addressing Interrogatory Number 5 as an example.

In Interrogatory Number 5 Dawson was asked to provide information regarding her allegation that she was denied overtime pay. Her objections—that the question violates Federal Rule of Evidence 104(b), is premature, many of the facts are known to the defendants, her unspecified "objection on grounds of Federal Rules of Civil Procedure of Rule 33(d)" and "Rule 26," that it requires a "compilation," that it "is premature disclosure of experts" and it "seeks premature disclosure of expert opinion" in violation of certain provision of the California Code of Civil Procedure (which has no relevant to these proceedings)—are baseless. And, in any event, such objections are not a basis for refusing to answer the interrogatory.

Beyond that, Dawson's response is insufficient. Much of her response does not address alleged overtime compensation but rather vaguely addresses other matters of compensation, such as alleged unpaid incentive bonuses, a claim that she did not receive her last two paychecks, and a claim that the defendants did not offer her a 401k.

The portion of her response that addresses overtime is unhelpful. First, she states baldly, "ResCare and Defendants failed to pay authorized overtime." This offers no more information that her complaint. Second, Dawson asserts that "ResCare failed to pay overtime completed remotely from home." (ECF No. 56 at 6.) This is slightly better in that it provides a hint that Dawson is alleging that she should have been paid for work she did from home. But it is nonetheless insufficiently specific in that it does not provide any details as to when she worked from home, how many hours she worked from home, or when she was alleged to have worked overtime—that is, more than 40 hours per week.

Responding to interrogatories is the point in the lawsuit at which a plaintiff must bring the broad allegations of a complaint into focus. A plaintiff's failure to provide specific information in response to an interrogatory can have serious consequences for a plaintiff's case. Not only may the court impose sanctions for not complying with discovery obligations, *see, e.g.*, Fed. R. Civ. P. 37(a)(3)(A), (b), (c), (d)(1)(A) and (3), but a plaintiff who fails to offer evidence to support her claims may well have her claims dismissed on summary judgment.

Sometimes a plaintiff may not have all the evidence necessary to prove her claim. For example, a plaintiff's overtime claim may be based on the fact that she was regularly required to address emails during non-business hours. But having left her employment with the defendant she may no longer have access to the emails necessary to be able to provide specific dates. In such circumstances, she must provide as much detail as she can. For example, the plaintiff may be able to identify a particular project that required after-hours work, the nature of her after-hours work, or a particular person with whom she regularly corresponded. She might not be able to give specific dates but may be able to narrow it to certain weeks or months. Then, when the plaintiff obtains the emails from the defendant through her own discovery requests, she must supplement her response with the specific details.

**IT IS THEREFORE ORDERED** that the defendants' motion to compel (ECF No. 55) is **granted**. Within **30 days** of this order Dawson shall provide to the defendants full and complete (subject to her ongoing duty to supplement) responses to Interrogatory numbers 5, 13, 14, 15, 16, and 18 and Requests for Production of Documents numbers 10, 11, 12, and 15.

**IT IS FURTHER ORDERED** that Tequilla Marie Dawson's "Motion to Compel." (ECF No. 60), "Motion for Protective Order" (ECF No. 62), and "Motion to Terminate and or Limit Examination" (ECF No. 63) are **denied**.

**IT IS FURTHER ORDERED** that any motion for expenses pursuant to Fed. R. Civ. P. 37(a)(5) must be filed within **14 days** of the date of this order.

Dated at Milwaukee, Wisconsin this 14th day of January, 2021.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge