# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TEQUILLA MARIE DAWSON,

             **Plaintiff,**

   **v.**                            **Case No. 19-CV-378**

RES-CARE INC, et al.,

             **Defendants.**

# ORDER

       Chief Judge Pamela Pepper has referred to this court (ECF No. 77) the parties' pending discovery motions. On January 14, 2021, the court granted the defendants' motion to compel (ECF No. 55) and denied plaintiff Tequilla Dawson's motion to compel (ECF No. 60), motion for a protective order (ECF No. 62), and motion to terminate or limit examination (ECF No. 63). The defendants timely filed a motion for their costs associated with bringing their motion to compel. (ECF No. 79.)

       On February 5, 2021, Dawson filed a motion for an extension of time to comply with the court's January 14, 2021 order to fully provide discovery to the defendants. (ECF No. 81.) The court granted that motion and ordered Dawson to comply no later than March 17, 2021. (ECF No. 82.) In doing so, the court emphasized that it was not extending

Dawson's deadline for responding to the defendant's motion for costs, which deadline was February 8, 2021. (ECF No. 82.)

On March 1, 2021, Dawson filed two documents. The first is captioned "Motion to Amend Protective Order." (ECF No. 83.) In it she argues that the medical information that the defendants seek is overbroad. She also filed a letter wherein she complains that the defendants have not complied with their discovery obligations by, for example, allegedly subpoenaing Dawson's former employers during a stay imposed by Chief Judge Pepper and failing to respond to interrogatories within 30 days. (ECF No. 84 at 1-2.) She also asks the court to not order her to pay the defendants' costs associated with the motion to compel. (ECF No. 84 at 2.) She asserts that she has attempted to comply with her discovery obligations and does not have the financial means to pay. (ECF No. 84 at 2.)

Dawson's motion is an improper attempt to relitigate a matter presented in conjunction with the past round of motions and which the court has already decided. Moreover, Dawson did not comply with Civil Local Rule 37. Therefore, the motion will be denied. The court denies the motion without awaiting the defendants' response so as to avoid the defendants needlessly incurring additional costs, for which Dawson would ultimately be responsible. *See* Fed. R. Civ. P. 37(a)(5)(B).

Dawson's letter is also improper. Her complaints about the defendants' alleged noncompliance with discovery are not properly presented in a letter, do not comply with

Civil Local Rule 37, and do not show an entitlement to relief. To the extent that her letter is a response to the defendants' motion for costs (ECF No. 79), it is untimely. As stated above, Dawson's response was due no later than February 8, 2021. (ECF No. 82 at 2 (citing Fed. R. Civ. P. 6(d); Civ. L.R. 7(h)(2) (E.D. Wis.).)

Therefore, the defendants' motion for costs is unopposed and is granted on that basis. *See* Civ. L.R. 7(d). Even if the court were to consider the arguments contained in Dawson's letter (ECF No. 84), it would grant the defendants' motion all the same.

"The great operative principle of Rule 37(a)([5]) is that the loser pays." *Rickels v. City of S. Bend*, 33 F.3d 785, 786 (7th Cir. 1994) (quoting Charles Alan Wright & Arthur R. Miller, 8 Federal Practice and Procedure § 2288 at 787 (1970)). "Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." *Rickels v. City of S. Bend*, 33 F.3d 785, 787 (7th Cir. 1994).

The court does not find that Dawson's failure to comply was substantially justified or that other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(ii) and (iii). As the court noted, the defendants' discovery requests were "quite routine and ordinary given the nature and scope of Dawson's claims." (ECF No. 78 at 6.)

Poverty does not relieve a litigant of an obligation to pay costs associated with unjustified conduct in litigation, although as a practical matter poverty may limit the

defendants' ability to collect the debt. *Jones v. Gasser Chair Co.*, No. 2:15-CV-14-PPS-PRC, 2015 U.S. Dist. LEXIS 169134, at *5 (N.D. Ind. Dec. 17, 2015) ("indigency does not make an award unjust") (quoting *Banty v. Dings Co. Magnetic Grp.*, No. 09-C-0963, 2010 U.S. Dist. LEXIS 120321, at *8 (E.D. Wis. Oct. 21, 2010))).

**IT IS THEREFORE ORDERED** that the defendants' motion for costs under Rule 37(a)(5) (ECF No. 79) is **granted**. Tequilla Marie Dawson shall pay the defendants the sum of **$9,226.50.** This sum is due to the defendants not less than 14 days following the entry of judgment or dismissal of this action in this court.

**IT IS FURTHER ORDERED** that Tequilla Marie Dawson's "Motion to Amend Protective Order" (ECF No. 83) is **denied**.

Dated at Milwaukee, Wisconsin this 3rd day of March, 2021.

WILLIAM E. DUFFIN
U.S. Magistrate Judge